THOMAS v. CINCINNATI, N. O. & T. P. RY. CO.

(Circuit Court, S. D. Ohio, W. D.   April 30, 1894.)

No. 4,598.

RECEIVERS—REDUCTION OF WAGES.

> The court, in its discretion, will consider an application by railroad employés to rescind an order of the receiver reducing wages.

This was a motion for leave to file a petition in the suit of Samuel Thomas against the Cincinnati, New Orleans & Texas Pacific Railway Company.

Peck & Shaffer, for petitioner.

Harmon, Colston, Goldsmith & Hoadly, for receiver.

TAFT, Circuit Judge. This is an application by the employés in the service of the receiver of the Cincinnati, New Orleans & Texas Pacific Railroad Company to the court to direct the receiver to rescind an order made by him reducing the wages 10 per cent. from to-morrow, the 1st of May. Objection is made to the filing of the petition by the counsel for receiver, Mr. Colston, on the ground that to receive such petition and consider it will establish a precedent, involving the court in hearings of all sorts concerning the discipline and ordinary administrative matters in the operation of the road. I am therefore asked to refuse to consider such petition, and to hold that the order of the receiver should be received by me as conclusive of the question. In considering this objection, it is well to point out what standing the petitioners have in this court. It is conceded on all sides that the consideration of such a petition is a matter of discretion in the court. The employés have no legal rights which are about to be violated by the order complained of. Under the contract for their employment they were entitled to 30 days' notice of any reduction of wages. That notice was given upon March 27th, and, speaking from a strictly legal standpoint, they are now to be put in the attitude of either accepting or rejecting the proposition by the receiver to employ them at the reduced wages. If they are not content with the wages, they are not compelled to accept them, and may retire from his employment. I repeat that from a strictly legal standpoint they have no standing in this court to call for an adjudication of any rights. But the petitioners, so long as they remain in the receiver's employ, are very important in the operation of the road. The receiver is the agent of the road in operating the road. The petitioners are the employés of the receiver, and therefore are the employés of the court. This is a petition to the court, as their employer, to exercise its discretion not to reduce wages. Their appeal is exactly like that of an appeal by an employé to an employer, except that, while an employer may be moved by considerations of charity, the court is limited in the exercise of its discretion to such action as may be consistent with the preservation of the property and its due administration in the interests of those who own it. How much of a discretion these limits give to the court it is not necessary now to determine. The employés have, doubtless, by reason of arrangements made for living along the road, a motive for remaining in the employ of the road, and it will be a loss to them to withdraw from the employment of the receiver, and seek employment elsewhere, larger than the mere cut in wages. Their complaint is that the cut oppresses them, and is below what skilled labor, considering the market price, is entitled to receive. The receiver, before issuing the order in question, considered it of sufficient importance to consult the court as to its propriety, and the court approved it on his recommendation. The order is certainly an important one in the operation of the road and

in the administration of the trust. It is so important that I do not think a consideration of it can form an injurious precedent for bringing administrative questions of all sorts before the court. There is no doubt that in nearly all matters, the action of the receiver must be conclusive in operating the road, but in a question of this kind I think the court can safely make an exception. Judge Ricks heard such an application in the receivership of the Clover Leaf system, and justified his course by authority. The receiver states that he is entirely willing to have the propriety of the order considered by the court, and that he has so informed the men. In view of these circumstances, therefore, and with the distinct premise that this is a mere appeal to the discretion of the court in operating the property to be exercised within the limits already mentioned, namely, the proper preservation of the property and the rights of its owners, and that it is not a judicial hearing which assumes any legal right on the part of the men to continue in the employment of the road, I will hear an application to modify the order whenever such an application is ready for hearing. Counsel for the employés states that he is not now ready to have heard his petition for rescinding the order, because he was not employed until Friday or Saturday last. The men had 33 days' notice of this order. If they wished to present to the court a petition for its rescission before it should go into effect, they should not have delayed until the eve of the 1st of May, the time when it begins to operate. I must therefore refuse leave to file the petition to rescind the order.

As already stated, the order was made by the receiver after consultation with the court; and, in the absence of a strong showing to the contrary, the court must presume that the order was well made. The order must therefore stand, and go into force tomorrow. But counsel for the men will have the right, upon five days' notice to counsel for the receiver, to present an application to modify the order. When the application is duly made, it will be heard on the evidence then presented. Meantime the motion to file the present petition is overruled, and the order will stand.